PER CURIAM.
Appellant challenges his sentence for felony criminal mischief. At his resentenc-ing hearing, appellant informed the trial court that he desired to represent himself. We find that the trial court erred by not adequately inquiring into appellant’s knowing and voluntary waiver of his right to counsel under Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
“A defendant cannot make an intelligent, knowing waiver of his right to counsel without being informed of the dangers and disadvantages of self-representation.” Vega v. State, 57 So.3d 259, 262 (Fla. 5th DCA 2011); see also Fla. R.Crim. P. 3.111(d)(2). In this case, though the trial court informed appellant that he was entitled to counsel, the colloquy between the trial court and appellant reveals that the trial court did not advise appellant of the dangers and disadvantages of waiving the assistance of counsel. Nor did the “waiver of counsel” form signed by appellant indicate that dangers accompany representing oneself. We therefore reverse and remand for appellant to be resenteneed on his felony criminal mischief conviction.

Reversed and remanded.

STEVENSON, HAZOURI and LEVINE, JJ., concur.